CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Elliott Montgomery, Esq, SBN 279451
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

SAGE LAW PARTNERS, P.C.
Darrel C. Menthe , SBN 186252
9696 Culver Bouleveard, Suite 301
Culver City, Ca 90232
T: (310)388-4872
F: (310)388-4871
E: dmenthe@sagelawpartners.com

Attorney for Defendant

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**,<br><br>        Plaintiff,<br><br>    v.<br><br>**611 Wilshire Properties**, a California General Partnership; and Does 1-10,<br><br>        Defendants. | Case No. 2:18-CV-07313-R-MRW<br><br><br>**CONSENT DECREE AND ORDER**<br><br>**Honorable R. Gary Klausner** |

**TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

1.      Plaintiff, BRIAN WHITAKER, filed this action (known as Case No. 2:18-CV-07313-R-MRW) against Defendants seeking money damages and injunctive relief for, *inter alia*, violations of the Americans with Disabilities Act of 1990 (the "ADA"), Unruh Civil Rights Act and corresponding state law claims, as well as common law claims, in the United States District Court for the Central District of California on June 1, 2018. Dkt.1. Defendants 611 WILSHIRE PROPERTIES, a California General Partnership ("Defendants") filed their Answer on September 18, 2018.

2.     Defendants and Plaintiff (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle the portion of the case relating to issues of injunctive relief and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability by either Party whatsoever, including but not limited to liability as to the issues of damages and/or fees.

**JURISDICTION:**

3.     Plaintiff asserts that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq., pursuant to supplemental jurisdiction under California's Unruh Civil Rights Act, and 28 U.S.C. §1331, §1343(a)(3) and (a)(4) and §1391(b).

4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Action. Accordingly, the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.     This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

6.     The Parties agree and stipulate that the corrective work will be performed in compliance with Exhibit "A" attached hereto.

7.     Remedial Measures:  The corrective work agreed upon by the Parties is attached here to as Exhibit "A". Defendants agree to undertake all of the remedial work set forth therein.

8.     Timing of Injunctive Relief:  Exhibit "A" also includes the estimated timeframe for completing the work described therein. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the timeframes

specified, Defendants or their counsel will notify Plaintiff's counsel, in writing, within fifteen (15) days after discovering any such difficulties. Defendants, or their counsel, will promptly notify Plaintiff's counsel when the corrective work is complete, and in any case, will provide a status report on or before December 31, 2019.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

9.      The Parties have not reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs in this Action (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues, the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either Parties' past, present, or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses, or costs in connection with each of their alleged losses, costs, damages, claims, and causes of action as set forth in each of the operative pleadings or otherwise.

**ENTIRE CONSENT ORDER:**

10.      This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**TERM OF THE CONSENT DECREE AND ORDER:**

11.      This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months

1 | after the date of this Consent Decree, or until the relief contemplated by this Order is completed,

2 | whichever occurs later.

3 | **SEVERABILITY:**

4 | 12. If any term of this Consent Decree and Order is determined by any court to be

5 | unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full

6 | force and effect.

7 | **SIGNATORIES BIND PARTIES:**

8 | 13. Signatories on the behalf of the Parties represent that they are authorized to bind

9 | the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in

10 | counterparts and a facsimile or e-mail signature shall have the same force and effect as an original

11 | signature.

12 | 14. Electronic signatures may also bind the Parties and/or their representative(s) as set

13 | forth in all applicable Local Rules. The undersigned counsel for Plaintiff does hereby attest that all

14 | electronic signatures are affixed only with the express written permission of the signatory.

15 | Respectfully Submitted,

16 |

17 | Dated: August 20, 2019          CENTER FOR DISABILITY ACCESS

18 |

19 | By: _____

Phyl Grace, Esq.          *Counsel's signatures on

20 | Dated: August 20, 2019     Attorneys for Plaintiff     Consent Decree and
Proposed Order filed
SAGE LAW PARTNERS, PC     08-28-19 (DE 46)

21 |

22 | By: _____

23 | Darrel C. Menthe
Attorney for Defendant

24 |

25 | **IT IS SO ORDERED.**

26 | Dated: September 6, 2019

27 | Honorable R. Gary Klausner
United States District Judge

28 |